IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENNELL SMART,<br><br>    Petitioner,<br><br>  vs.<br><br>A. P. KANE, Warden, and BOARD OF PRISON TERMS, STATE OF CALIFORNIA,<br><br>    Respondents.<br>_____/ | No. C 05-2453 WHA (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

This is a habeas corpus case filed by a state prisoner pursuant to 28 U.S.C. 2254. The petition is directed to denial of parole.

The court ordered respondent to show cause why the writ should not be granted. Respondent has filed an answer and a memorandum of points and authorities in support of it, and has lodged exhibits with the court. Petitioner has responded with a traverse. For the reasons set forth below, the petition is **DENIED**.

### STATEMENT

Petitioner was convicted of second degree murder in 1981. He received a sentence of fifteen years to life in prison. In 2004 he was denied parole for the seventh time; it is that parole decision he challenges here. He alleges that he has exhausted these claims by way of state habeas petitions.

///

**DISCUSSION**

**A.  STANDARD OF REVIEW**

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).  The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13.  A state court decision is an "unreasonable application of" Supreme Court authority, falls under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.  The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.  Rather, the application must be "objectively unreasonable" to support granting the writ. *See id.* at 409.

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." *Miller-El*, 537 U.S. at 340.  This presumption is not altered by the fact that the finding was made by a state court of appeals, rather than by a state

2

trial court. *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981); *Bragg v. Galaza*, 242 F.3d 1082, 1087 (9th Cir.), *amended*, 253 F.3d 1150 (9th Cir. 2001). A petitioner must present clear and convincing evidence to overcome § 2254(e)(1)'s presumption of correctness; conclusory assertions will not do. *Id.*

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000).

**B.    ISSUES PRESENTED**

Petitioner contends that his due process rights were violated by the board's repeated denials of parole based on the unchanging facts of his offense, and by its ignoring evidence of rehabilitation.

Among other things, respondent contends that California prisoners have no liberty interest in parole and that if they do, the only due process protections available are a right to be heard and a right to be informed of the basis for the denial – that is, respondent contends there is no due process right to have the result supported by sufficient evidence. Because these contentions go to whether petitioner has any due process rights at all in connection with parole, and if he does, what those rights are, they will addressed first.

**1.    RESPONDENT'S CONTENTIONS**

The Fourteenth Amendment provides that no state may "deprive any person of life, liberty, or property, without due process of law." U.S. Const., amend. XIV, § 1.

**a.    LIBERTY INTEREST**

Respondent contends that California prisoners have no liberty interest in parole. Respondent is incorrect that *Sandin v. Conner*, 515 U.S. 472 (1995), applies to parole decisions,

3

1  *see Biggs v. Terhune*, 334 F.3d 910, 914 (9th Cir. 2003) (*Sandin* "does not affect the creation of
2  liberty interests in parole under *Greenholtz* and *Allen*."), and, applying the correct analysis, the
3  California parole statute does create a liberty interest protected by due process, *see McQuillion*
4  *v. Duncan*, 306 F.3d 895, 902 (9th Cir. 2002) ("California's parole scheme gives rise to a
5  cognizable liberty interest in release on parole."). Respondent's claim to the contrary is without
6  merit.

### b.    DUE-PROCESS PROTECTIONS

Respondent contends that even if California prisoners do have a liberty interest in parole, the due process protections to which they are entitled by clearly-established Supreme Court authority are limited to notice, an opportunity to be heard, and a statement of reasons for denial. That is, he contends there is no due process right to have the decision supported by "some evidence." This position, however, has been rejected by the Ninth Circuit, which has held that the Supreme Court has clearly established that a parole board's decision deprives a prisoner of due process if the board's decision is not supported by "some evidence in the record", or is "otherwise arbitrary." *Irons v. Carey*, 479 F.3d 658, 662 (9th Cir. 2007) (applying "some evidence" standard used for disciplinary hearings as outlined in *Superintendent v. Hill*, 472 U.S. 445-455 (1985)); *McQuillion*, 306 F.3d at 904 (same). The evidence underlying the Board's decision must also have "some indicia of reliability." *McQuillion*, 306 F.3d at 904; *Biggs*, 334 F.3d at 915. The some evidence standard identified in *Hill* is clearly established federal law in the parole context for purposes of § 2254(d). *See Sass*, 461 F.3d at 1128-1129.

### 2.    PETITIONER'S CLAIMS

In a line of relatively recent cases the Ninth Circuit has discussed the constitutionality of denying parole when the only basis for denial is the circumstances of the offense. *See Hayward v. Marshall*, 512 F.3d 536, (9th cir. 2008); *Irons v. Carey*, 505 F.3d 846, 852-54 (9th Cir. 2007); *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123, 1129 (9th Cir. 2006); *Biggs v. Terhune*, 334 F.3d 910, 915-17 (9th Cir. 2003).

In *Biggs* the court said that it might violate due process if the Board were to continue to deny parole to a prisoner because of the facts of his or her offense and in the face of evidence of

4

1  rehabilitation. 334 F.3d at 916-17. No legal rationale for this statement was provided, and it
2  was unclear whether the court was suggesting that the continued denial of parole would be a
3  new sort of due process violation or whether it was simply expressing the thought that with the
4  passage of time the nature of the offense could cease to be "some evidence" that the prisoner
5  would be a danger if paroled.[1] This ambiguity was helpfully cleared up in *Irons*, where the
6  court clearly treated a "some evidence" claim as different from a "*Biggs* claim." *Irons*, 505
7  F.3d at 853-54. It appears, putting together the brief discussions in *Biggs* and *Irons*, that the
8  court meant that at some point denial of parole based on long-ago and unchangeable factors,
9  when overwhelmed with positive evidence of rehabilitation, would be fundamentally unfair and
10 violate due process. As the dissenters from denial of rehearing en banc in *Irons* point out, in the
11 Ninth Circuit what otherwise might be dictum is controlling authority if the issue was presented
12 and decided, even if not strictly "necessary" to the decision. *Irons v. Carey*, 506 F.3d 951, —
13 (9th Cir. Nov. 6, 2007) (dissent from denial of rehearing en banc) (citing and discussing
14 *Barapind v. Enomoto*, 400 F.3d 744, 751 n. 8 (9th Cir. 2005)).

15     Depending on whether the discussion of dictum in the dissent from denial of rehearing
16 en banc in *Irons* is correct, it thus may be that the Ninth Circuit has recognized at due process
17 right which for convenience will be referred to in this opinion as a "*Biggs* claim." Here
18 petitioner contends that it was a violation of his due process rights for the Board to deny parole
19 based on the circumstances of his offense and without regard to his rehabilitation. This will be
20 treated as two claims, one a *Biggs* claim, the second a more conventional contention that there
21 was not "some evidence" to support the decision.

22     **a.**    **"BIGGS CLAIM"**

23     Petitioner has failed to establish the predicate for his *Biggs* claim. Petitioner's parole
24 was not denied solely because of the circumstances of his offense, but also because of his

---

[1] The Supreme Court has clearly established that a parole board's decision deprives a prisoner of due process if the board's decision is not supported by "some evidence in the record," or is "otherwise arbitrary." *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123, 1129 (9th Cir. 2006) (adopting "some evidence" standard for disciplinary hearings outlined in *Superintendent v. Hill*, 472 U.S. 445, 454-55 (1985).

5

1  involvement in 1996 in a prison-based fraudulent income tax scheme (Exh. C at 50-53, 75), and
2  because his rehabilitation gains were relatively recent (*id.* at 76). Although the 1996 criminal
3  activity was relatively old, it did indicate that he was still criminally-inclined at a date long after
4  his incarceration. In addition, the due process right putatively recognized in *Biggs* is not
5  clearly-established United States Supreme Court authority, so cannot be the basis for habeas
6  relief. *See* 28 U.S.C. § 2254(d) (habeas relief cannot be granted unless state court decision is
7  contrary to, or an unreasonable application of, clearly-established Supreme Court authority).
8  The *Biggs* claim fails.

### b.  SOME EVIDENCE

Ascertaining whether the some evidence standard is met "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455; *Sass*, 461 F.3d at 1128. The some evidence standard is minimal, and assures that "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Sass*, 461 F.3d at 1129 (quoting *Hill*, 472 U.S. at 457).

Petitioner committed the murder for which he is incarcerated in 1980 (Exh. C. at 16). He was in an argument with the victim and left the scene (*id.* at 14). The victim followed him, and others on petitioner's block attached the victim, beating him (*id.* at 17-24). Evidently the appellate decision indicates that petitioner participated in this beating, but petitioner denies it (*id.* at 12-14). The point is minor, however, because petitioner concedes that he left the scene, got a shotgun, returned to the scene and shot and killed the victim (*id.* at 24).

These events occurred twenty-four years before the parole hearing at issue here, greatly reducing their value as evidence of petitioner's present danger to society. On the other hand, petitioner's conduct was exceptionally callous and indicates that at that time he was a very dangerous person. When petitioner's participation in criminal activity in prison in 1996 and the relatively recent nature of his rehabilitation gains is added to the evidentiary value of this long-ago conduct, the Court concludes that there was marginally "some evidence" to support the

6

denial of parole. There was no due process violation.

## CONCLUSION

Because petitioner's rights were not violated, the rejection of these claims by the state courts was not contrary to, or an unreasonable application of, clearly-established United States Supreme Court authority. The petition for a writ of habeas corpus is **DENIED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April 1, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.05\SMART2453.RUL.wpd